IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BLAZE CONNOR LAMB                                                                                  PLAINTIFF

v.                                        Case No. 6:24-cv-6134

GARLAND COUNTY DETENTION CENTER;
SUSAN BRAINSETTER (Deputy); B. CANNON
(Deputy); INMATE JORDAN WARD; INMATE
PAYTON WICKLAND; NURSE KAYLA;
NURSE JASON; NURSE STANFORD; DEPUTY
SGT. ARBURY; DEPUTY ANGEL; DEPUTY
TRENT; INMATE JILLIAN; and INMATE
VERONICA                                                                                          DEFENDANTS

**<u>ORDER</u>**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 29. Upon preservice screening of Plaintiff's Amended Complaint (ECF No. 10) pursuant to 28 U.S.C. § 1915A(a), Judge Ford recommends that:

1) The Garland County Detention Center be terminated as a Defendant in this case.

2) Plaintiff's claims against Inmate Defendants Jillian, Veronica, Wickland, and Ward be dismissed without prejudice, and that these Defendants be terminated from this case.

3) Plaintiff's claims for teasing, taunting, and verbal threats be dismissed without prejudice.

4) Plaintiff's claims for defamation be dismissed without prejudice.

5) Plaintiff's claim alleging that his criminal conviction was unconstitutionally obtained be dismissed without prejudice.

6) Plaintiff's failure to protect claim against Defendants Cannon, Jason, Angel, Brainsetter, Trent, Arbury, and Kayla regarding the alleged sexual assault by an unnamed Garland

County lieutenant remain for service and further review.

7) Plaintiff's conditions of confinement claim against Defendants Cannon, Brainsetter, Stanford, Arbury, Angel, Kayla, and Jason that they put drugs and/or poison in his food remain for service and further review.

8) Plaintiff's denial of medical care claim against Defendants Kayla and Jason for denial of medical care after the alleged sexual assault remain for service and further review.

Plaintiff filed timely objections. ECF No. 30. The Court finds the matter ripe for consideration.

## I. LEGAL STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger de novo review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a de novo review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether pro se objections are specific.

*Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. DISCUSSION

Plaintiff objects to two aspects of the R&R. The Court finds these objections sufficiently specific to require a de novo review of the challenged recommendations.

### A. Claims against Inmate Defendants

Plaintiff names Inmate Defendants Payton Wickland and Jordan Ward in Claim Three and Claim Five, both brought pursuant to § 1983. ECF No. 14, pp. 9-10, 14-15. In Claim Three, Plaintiff alleges that Defendant Wickland and Ward attempted to kill him while he was detained in the Garland County Detention Center ("GCDC"). In Claim Five, Plaintiff generally alleges that he was coerced into signing a plea agreement but does not mention any actions by Defendants Wickland or Ward. Judge Ford recommends that all claims against all Inmate Defendants be dismissed without prejudice. ECF No. 29, p. 7. Judge Ford explains that Plaintiff makes no allegations against Inmates Jillian and Veronica and simply lists them as Defendants, and that Plaintiff failed to allege that Inmates Wickland and Jordan were acting jointly with any State official or their agents. Plaintiff's objection argues that no Inmate Defendant should be dismissed because he clearly stated that these Defendants were working in concert with GCDC staff to kill him. ECF No. 30, p. 1.

3

The Court finds that Claim Three against Defendants Wickland and Ward should remain, and that Defendants Jillian and Veronica should be terminated from this case. A § 1983 claim against a private actor is only viable if a plaintiff can show that the private party "is a willful participant in joint action with the State or its agents" and that "there was a mutual understanding, or a meeting of the minds, between the private party and a state actor." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 930 (8th Cir. 2020) (quotations omitted). In Claim Three, Plaintiff asserts that Defendants Wickland and Ward had "help from deputies" and that these Defendants had "a promise of payment and bond from deputies" if they successfully killed Plaintiff. ECF No. 14, p. 10. Liberally construing Plaintiff's claim, the Court finds these allegations as sufficiently stating that Defendants Wickland and Ward were collaborating with GCDC staff and make them susceptible to § 1983 claims. *See Hamilton*, 948 F.3d at 930. However, Plaintiff makes no specific allegations against Wickland and Ward in Claim Five, and Defendants Jillian and Veronica are merely included in a list of Defendants. Simply listing Defendants without making factual allegations is insufficient to state a claim against them. *See Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003). Accordingly, Claim Three against Defendants Wickland and Ward shall proceed, and Defendants Veronica and Jillian will be terminated from this matter entirely. Claim Five will be dismissed entirely for the reasons explained below.

### B. Claim Regarding Constitutionality of Conviction

Plaintiff's Claim Five is brought against numerous Defendants and appears to allege that he was coerced into signing a plea agreement for State criminal charges because failing to do so would send him back to the dangerous environment in the GCDC. ECF No. 14, p. 14-15. Judge Ford recommends that this claim be dismissed because Plaintiff seems to be attacking the constitutionality of his conviction, which is improper in a § 1983 action without demonstrating

4

that the conviction has been reversed or declared invalid in some manner. ECF No. 29, p. 9-10. Plaintiff's objection reiterates what he contends were coercive circumstances leading to his guilty plea but offers no argument regarding his conviction being invalidated in any manner. ECF No. 30, p. 1.

The Court finds that this claim should be dismissed. The only reasonable interpretation of Claim Five is that Plaintiff is challenging his recent conviction as unconstitutional. However, Plaintiff makes no allegation that the conviction has been overturned or invalidated in any manner. Section 1983 claims that inherently challenge the validity of a conviction requires showing that the conviction has already received a favorable termination. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) ("[A] a district court must dismiss a § 1983 claim if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the plaintiff proves 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'") (quotation omitted). With Plaintiff making no allegation that his conviction has been invalidated, this claim must be dismissed. *See id*.

### III. CONCLUSION

For the reasons stated above, the Court hereby adopts the R&R (ECF No. 29) in part. Accordingly, it is hereby ordered that:

1) The Garland County Detention Center is **terminated** as a Defendant in this case.

2) Inmate Defendants Jillian and Veronica are **terminated** as Defendants in this case.

3) Plaintiff's Claim Three against Inmate Defendants Payton Wickland and Jordan Ward remains for service and further review.

3) Plaintiff's claims for teasing taunting and verbal threats are **dismissed without prejudice**.

4) Plaintiff's claims for defamation are **dismissed without prejudice**.

5) Plaintiff's claim alleging that his criminal conviction was unconstitutionally obtained is **dismissed without prejudice**.

6) Plaintiff's failure to protect claim against Defendants Cannon, Jason, Angel, Brainsetter, Trent, Arbury, and Kayla regarding the alleged sexual assault by an unnamed Garland County lieutenant remains for service and further review.

7) Plaintiff's conditions of confinement claim against Defendants Cannon, Brainsetter, Stanford, Arbury, Angel, Kayla, and Jason that they put drugs and/or poison in his food remains for service and further review.

8) Plaintiff's denial of medical care claim against Defendants Kayla and Jason for denial of medical care after the alleged sexual assault remains for service and further review.

**IT IS SO ORDERED**, this 30th day of June, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge